1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS,

                            Petitioner,

        v.

DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, et al.,

                            Respondent.

Case No. C22-00049-TL-SKV

REPORT AND RECOMMENDATION

        Petitioner, Anthony Eugene Lewis, proceeds *pro se* and *in forma pauperis*, in this 28

U.S.C. § 2241 habeas action.  By order dated May 25, 2022, the Court directed Petitioner to file

a third amended petition curing certain defects in his second amended petition.  *See* Dkt. 24.

Petitioner has now filed a third amended petition.  Dkt. 16.  Upon review of the third amended

petition the Court recommends that the third amended petition, Dkt. 24, be DISMISSED without

prejudice.  Petitioner has also filed a motion seeking to reinstate "all prior preliminary

injunctions/motions and immediate discharge" Dkt. 25, and a "motion for discharge based on

Respondent's failure to provide defendant with 60-day speedy trial rights and law library", Dkt.

26.  For the reasons discussed below, the Court further recommends that these motions, Dkts. 25

& 26, be DENIED.

REPORT AND RECOMMENDATION - 1

1

## BACKGROUND

2

In his second amended petition, Petitioner alleged:

3

> [he was] medically incorrectly found competent and given a 10 month plea
> agreement under case #19-1-01527 …, credit for time served. When I should have been
> found incompetent/non-restorable for the same similar charges under case #21-1-03086-
> 9SEA and 21-1-04384-7SEA. That were dismissed because I was found
> incompetent/non-restorable.

4

5

6

> On May 4, 2022, the King County Superior Court dismissed my charges under
> case #21-1-03096-9SEA and 21-1-04384-7SEA as non [-] restorable/incompetent and
> ordered I be committed to Western State Hospital for further competency restoration
> and/or a civil hold, it is sometime[s] referred to as a civil flip. This means that being at
> Western State Hospital is no longer connected to any underlying criminal charge. I
> should be released.

7

8

9

> On May 4, 2022, upon the King County Court ordering me back to Western State
> Hospital after dismissing my charges as a civil flip, Western State Hospital did not …
> transport me within 7 or 14 days for treatment. My charges should be dismissed
> completely.

10

11

*Id.*  Petitioner appeared to argue that his continued detention despite the dismissal of his criminal

12

charges violated double jeopardy and due process.  *Id.*  The second amended petition also failed

13

to name a proper respondent.  *Id.*

14

On May 25, 2022, this Court issued an order declining to serve the second amended

15

petition and directing Petitioner to file a third amended petition.  Dkt. 22.  In that order, the Court

16

noted that upon reviewing the second amended petition, it appeared the legal basis for

17

Petitioner's current detention and his constitutional challenges to that detention had changed.  *Id.*

18

The Court noted that Petitioner's original and amended petition raised challenges to his detention

19

related to his then pending criminal charges.  *Id.*  However, in his second amended petition the

20

Court noted that Petitioner indicated that he had pled guilty and been sentenced to time served on

21

one of his criminal charges, that the charges in his two remaining criminal cases had been

22

dismissed, and that he had been ordered committed to WSH for further competency restoration

23

and/or a civil hold.  *Id.*  The Court noted that Petitioner argued he should be released because his

1    detention at WSH was no longer connected to any underlying criminal charge.  *Id.*  The Court

2    further noted that despite apparently conceding that the criminal charges on his remaining two

3    cases had been dismissed, Petitioner also argued his charges should be dismissed completely

4    because he was not transferred to WSH within 7-14 days of the court's May 4, 2022, order.  *Id.*

5    The Court observed that Petitioner had filed a notice of change of address with the Court dated

6    May 13, 2022, which appeared to indicate he was in fact transferred to WSH within 14 days of

7    the state court's order.  *See* Dkt. 19.

8          The Court observed that Petitioner's second amended petition appeared to argue that his

9    continued detention violated double jeopardy and due process, but there was no indication in the

10   second amended petition that Petitioner had exhausted his remedies in state court with respect to

11   his current constitutional challenges to his current detention, which appeared to differ from those

12   raised in his prior petitions.  *Id.*  The Court noted that Petitioner also again failed to name a

13   proper respondent in the second amended petition as he failed to name "'the person who

14   has custody over [the petitioner].'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (quoting

15   28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed

16   to the person having custody of the person detained. … [when a petitioner is in physical

17   confinement] the proper respondent is the warden [or custodian] of the facility where the

18   prisoner is being held....")).

19         Due to these deficiencies, the Court ordered Petitioner to file a third amended petition

20   naming a proper respondent and addressing why his claims should not be dismissed for failure to

21   exhaust state court remedies.  Dkt. 22.

22         Petitioner subsequently filed a third amended petition, which is now before the Court,

23   alleging the following:

> On May 4, 2022, King County Superior Court dismissed without prejudice both my criminal charges under cases 21-1-04284-7SEA and #21-1-03086-9SEA and court ordered me for a civil commitment evaluation at Western State Hospital. Who on 5-17-22 filed an motion/petition for 180 day involuntary treatment (RCW 71.05) based on the same criminal charges that were dismissed.

> I am now being detained on a civil involuntary commitment hold and being at (WSH) is no longer connected to any underlying criminal charge … It's double jeopardy and involuntary administration of medication is illegal search and seizure. I no longer can appeal because those charges have been dismissed.

> I have not committed any criminal charges in Pierce County to be charged under a motion/petition for 180 day involuntary treatment (RCW 71.05) by Pierce County to explain why exhaustion should not be required, and I am entitled to my immediate discharge from WSH, because King County dismissed all criminal charges in this instance.

Dkt. 24. Petitioner appears to argue that because his criminal charges have been dismissed, his continued detention and the involuntary administration of medication violates double jeopardy and due process, and that Pierce County "lacks jurisdiction." *Id.*

A.     **Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

REPORT AND RECOMMENDATION - 4

1    Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3)[1], "[a]s

2    a prudential matter, courts require that habeas petitioners exhaust all available judicial and

3    administrative remedies before seeking relief under [28 U.S.C.] § 2241." *Ward v. Chavez*, 678

4    F.3d 1042, 1045 (9th Cir. 2012).  "The rule of exhaustion in federal habeas corpus actions is

5    rooted in considerations of federal-state comity" and is "not limited to challenges to the validity

6    of state court convictions." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

7    Here, Petitioner fails to show he exhausted state court remedies by presenting his federal

8    constitutional or statutory claims to the Washington state courts at each level of review.

9    Specifically, Petitioner does not show that he has presented his double jeopardy and due process

10    challenges to his civil commitment order and/or the petition for 180 day involuntary treatment

11    (RCW 71.05), or his challenge to the involuntary administration of medication, to the state courts

12    through, for instance, direct appeal or a personal restraint petition.  Petitioner has also not shown

13    a basis to waive the exhaustion requirement or that any special circumstances warrant federal

14    intervention in this case.  *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004) ("Although

15    courts have discretion to waive the exhaustion requirement when it is prudentially required, this

16    discretion is not unfettered…. Lower courts are, thus, not free to address the underlying merits

17    without first determining the exhaustion requirement has been satisfied or properly waived.").

18    Petitioner was advised of the exhaustion requirements in the Court's order declining to

19    serve the second amended petition.  Dkt. 22.  In his third amended petition, Petitioner states that

20

21    [1] The Court notes that to the extent Petitioner challenges his civil commitment, his habeas claims may more properly fall under 28 U.S.C. § 2254.  *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir.

22    2005) ("It is well established that detainees under an involuntary civil commitment scheme … may use a § 2254 habeas petition to challenge a term of confinement."); *see Duncan v. Walker*, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies § 2254's "in custody" requirement).

23    But regardless of whether the petition properly falls under § 2254 or §2241, Petitioner must still exhaust his state court remedies before seeking relief in federal court.

1   he can no longer appeal because his criminal charges have been dismissed and that he has "not

2   committed any criminal charges in Pierce County to be charged under a motion/petition for 180

3   day involuntary treatment by Pierce County to explain why exhaustion should not be required[.]"

4   But the fact that Petitioner's criminal charges have been dismissed does not explain why he is

5   unable to raise his challenges to his *civil* commitment order and/or the petition for 180 day

6   involuntary treatment (RCW 71.05), or the involuntary administration of medication, in the state

7   courts.  *See, e.g., Matter of Det. of D.W.*, 6 Wash. App. 2d 751, 753 (2018) (addressing and

8   denying appeal of the superior court's involuntary civil commitment order); *In re Det. of P.R.*, 18

9   Wash. App. 2d 633, 635 (2021) (addressing appeal of superior court's order authorizing

10  involuntary administration of antipsychotic medication under RCW 71.05.217(1)(j)); *In re*

11  *Jacobs*, No. 15-cv-3718, 2015 WL 7575080, at *1 (C.D. Cal. Aug. 21, 2015) (recommending

12  dismissal prior to service of habeas petition apparently challenging state civil commitment order

13  to state hospital on several grounds including petitioner's failure to exhaust state court remedies),

14  *report and recommendation adopted sub nom.*, 2015 WL 7573651 (C.D. Cal. Nov. 25, 2015).

15       The Court notes that Petitioner's constitutional challenges appear to be premised entirely

16  on the fact that his criminal charges have been dismissed.  But Petitioner acknowledges that he is

17  now being held on a *civil* commitment and he makes no argument or showing that he is

18  improperly held under the civil commitment statutes, or that his due process rights under those

19  statutes have been violated.  *See* RCW 71.05; *In re Det. of M.K.*, 168 Wash. App. 621, 626

20  (2012) (discussing civil commitments under RCW 71.05); RCW § 10.77.086[2]; RCW §

21

22  [2] RCW § 10.77.086 "Competency restoration –Procedure in nonfelony charge", provides in relevant part:
        (1) If the defendant is charged with a nonfelony crime which is a serious offense as
        identified in RCW 10.77.092 and found by the court to be not competent, then the court:
        (a) *Shall dismiss the proceedings without prejudice* and detain the defendant for sufficient
        time to allow the designated crisis responder to *evaluate the defendant and consider*

23

1    10.77.088[3].  The mere fact that Petitioner's criminal charges have been dismissed and that his

2    detention is now authorized under the civil commitment statutes does not appear sufficient,

3    without more, to identify a due process violation.  But even if Petitioner's challenges could raise

4    a colorable constitutional claim, as discussed above, he fails to show he has exhausted his state

5    court remedies with respect to those challenges.

6    **B.    Petitioner's Motions**

7            Petitioner has also filed a motion seeking to reinstate "all prior preliminary

8    injunctions/motions and immediate discharge" Dkt. 25, and a "motion for discharge based on

9    Respondent's failure to provide defendant with 60-day speedy trial rights and law library", Dkt.

10   26.  Petitioner's motion seeking to reinstate "all prior preliminary injunctions/motions and

11   immediate discharge" Dkt. 25, reiterates his claim in the third amended petition that he is entitled

12   to release because there are no current criminal charges pending against him.

13           Petitioner's motion for discharge based on Respondent's failure to "provide defendant

14   with 60-day speedy trial rights and law library", Dkt. 26, argues he is entitled to release because

15   Respondents have "failed to provide a 60 day speedy trial" and he does not have access to a law

16

17           *initial detention proceedings under chapter 71.05 RCW*, unless the prosecutor objects to
             the dismissal and provides notice of a motion for an order for competency restoration
             treatment, in which case the court shall schedule a hearing within seven days.
18   *Id.* (emphasis added).

19   [33] RCW § 10.77.088 "Competency restoration—Procedure in felony charge", provides in relevant part:
20           (5) At the hearing upon the expiration of the second competency restoration period, or at
             the end of the first competency restoration period if the defendant is ineligible for a
             second or third competency restoration period under subsection (4) of this section, if the
21           jury or court finds that the defendant is incompetent to stand trial, *the court shall dismiss
             the charges without prejudice* and order the defendant to be committed to a state hospital
22           for up to 120 hours if the defendant has not undergone competency restoration services or
             has engaged in outpatient competency restoration services and up to 72 hours if the
             defendant engaged in inpatient competency restoration services starting from admission
23           to the facility, excluding Saturdays, Sundays, and holidays, *for evaluation for the purpose
             of filing a civil commitment petition under chapter 71.05 RCW.*
     *Id.* (emphasis added).

library for case law research at Western State Hospital (WSH).  Petitioner does not raise a speedy trial claim in his third amended petition and the allegation raised in his motion is vague and conclusory.  Given that Petitioner acknowledges his criminal charges have been dismissed the basis for an alleged speedy trial violation is unclear and Petitioner's allegations are devoid of factual support or explanation.  Dkt. 26.  With respect to Petitioner's claim that he does not have access to a law library at WSH, the Court notes that, as previously stated in the Court's order declining service of the second amended petition, in order to respond to the Court's order and address the exhaustion issue, Petitioner need only have identified if he had raised the claims he raises in his habeas petition to the state courts or explained why he should not be required to do so in this instance.  Dkt. 22.  As the Court previously noted, this should have been information within the scope of Petitioner's current knowledge and should not have required legal research. *Id.*  Petitioner failed to adequately address the exhaustion issue and, accordingly, the Court has recommended dismissal of the third amended petition on that basis.

Because the Court recommends denial and dismissal of the underlying petition in this case, and for the reasons above, the Court recommends that Petitioner's motions, Dkts. 25 and 26, also be DENIED.

## CERTIFICATE OF APPEALABILITY

A state prisoner who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) in order to challenge process issued by a state court. *Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009).  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, the Court concludes that a certificate of appealability should be DENIED.

<u>CONCLUSION</u>

The Court recommends petitioner's third amended habeas petition, Dkt. 24, be DISMISSED without prejudice due to Petitioner's failure to exhaust state court remedies.  The Court recommends that Petitioner's motion seeking to reinstate "all prior preliminary injunctions/motions and immediate discharge" Dkt. 25, and "motion for discharge based on Respondent's failure to provide defendant with 60-day speedy trial rights and law library", Dkt. 26, also be DENIED.  The Court recommends that a certificate of appealability be DENIED.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **<u>August 26, 2022</u>**.

Dated this 2nd day of August, 2022.

S. KATE VAUGHAN
United States Magistrate Judge